IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

EDELMAN FINANCIAL ENGINES, LLC,
        Plaintiff,

vs.                                                    No. 20-2144-JTM

RAY GUTOWKSI,
        Defendant.

MEMORANDUM AND ORDER

Plaintiff Edelman Financial Engines, LLC, brings the present action against a former employee, Ray Gutowski, for violation of the Defend Trade Secrets Act, § 18 U.S.C. § 1836 (DTSA), alleging Gutowski misappropriated various trade secrets. Gutowski has moved to dismiss the complaint, arguing that, first, that he is not subject to personal jurisdiction in Kansas. (Dkt. 11, at 6-16). Second, he argues that Kansas is an improper venue for the action. (Id. at 17-19). Third, he argues that the plaintiff has failed to allege the existence of trade secrets with particularity, or demonstrated any misappropriation. (*Id*. at 21-28). Fourth, he argues that the dispute between the parties is subject to mandatory arbitration.

The court concludes that the action should be dismissed for a lack of personal jurisdiction.

Edelman is a Delaware financial services company formed in 2018 after the joinder of two Edelman Financial Services and Financial Engines. In 2016, Financial Engines had acquired The Mutual Fund Store (TMFS), a financial business in the Kansas City area. (Dkt. 1, ¶ 2).

Gutowski lives in Rhode Island, and worked in that state for a franchise of TMFS, The Mutual Fund Store-Providence (TMFS-P). He did not work directly for TMFS, and owned a 5% interest in TMFS-P from 2007 to 2016. After Financial Engines acquired TMFS, Gutowski entered into a Confidential Information and Invention Assignment Agreement (CIIAA), which include provisions relating to trade secrets and other confidential information. An Addendum to the CIIAA was presented to Gutowski in January of 2017. As with the CIIAA, the defendant agreed to the Addendum in Rhode Island. The Complaint alleges that Gutowski misappropriated trade secrets after "his abrupt resignation on January 17, 2020." (Id., ¶ 3).

Because DTSA "does not have a special federal rule for personal jurisdiction," the court must "look to the law of the forum for the governing rule." *Advanced Tactical Ordnance Sys. v. Real Action Paintball*, 751 F.3d 796, 800 (7th Cir. 2014).

Due process permits the exercise of personal jurisdiction over a nonresident defendant who has "minimum contacts" such that defending an action in the forum does not "offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). Such minimum contacts may exist either on the basis of general jurisdiction or specific jurisdiction, which "focuses on the relationship

2

among the defendant, the forum, and the litigation." *Walden v. Fiore*, 134 S. Ct. 1115, 1121 (2014) (quoting *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 775 (1984)).

"For a State to exercise jurisdiction consistent with due process, the defendant's suit-related conduct must create a substantial connection with the forum State." *Id.* at 1121. Specific jurisdiction exists where the defendants have "purposefully directed" their activities towards forum residents, and the plaintiff's injuries arose from those activities. *Newsome v. Gallacher*, 722 F.3d 1257, 1264 (10th Cir. 2013). The Tenth Circuit applies an "effects test" to determine whether a defendant has "purposefully directed" her activities at the forum state so as to subject the defendant to specific personal jurisdiction. *See Dudnikov v. Chalk & Vermillion Fine Arts*, 514 F.3d 1063, 1072 (10th Cir. 2008) (citing *Calder v. Jones*, 465 U.S. 783, 789–90 (1984)). Under this test, purposeful direction occurs when a defendant (1) takes an intentional action, (2) which was expressly aimed at the forum state, (3) while knowing that the brunt of the injury would be felt in the forum state. *Id.*

In its Response, plaintiff argues that personal jurisdiction exists because Gutowski travelled to Kansas "multiple times," and because over an extended period of time he "had regular back office support for his business coming from the state." (Dkt. 16 at 11).

The court finds no substantial basis for finding that the defendant is subject to jurisdiction in Kansas. To the extent plaintiff asserts Gutowski obtained, possibly, some "back-office functions" from Kansas, the allegation is purely conclusory and rests on an

3

affidavit which appears to lack direct, personal knowledge as to any actual "support" the defendant obtained from Kansas, the extent of such support, or whether it in any way related to the core of the dispute between the parties. The plaintiff's Response does not controvert defendant's argument that no persons in Kansas were harmed, and that none of the clients, or their accounts, are in Kansas.

The trips to Kansas occurred some four years before the dispute at issue, when Gutowski had a small ownership interest in TFMS-P. Although plaintiff suggests that these trips were business-related, Gutowski avers that he "never … worked in Kansas at any time during my tenure with TFMS-P, Financial Engines, or EFE." (Gutowski Aff. ¶ 17). The work Gutowski did on behalf of clients never occurred in Kansas. The core agreements between the parties which are the source of the present dispute—the CIIAA and its Addendum—have no direct relationship to Kansas. They were not entered into by Kansas parties,[1] have no substantial duties to be performed in Kansas, and have no clause selecting Kansas as an appropriate forum for dispute. The defendant's contacts with the state were minimal, limited, and unrelated to the core of the present dispute between the parties. Given that attenuation, during the relevant time period the defendant, who worked in Rhode Island for non-Kansas clients, would not have reasonably anticipated being haled into Kansas for a dispute with a Delaware plaintiff over trade secrets which did not involve Kansas clients.

---

[1] The Complaint identifies Edelman Financial Engines as a Delaware corporation. The CIIAA identifies Financial Engines, Inc., as "a California corporation."

The court notes plaintiff's alterative requests, if the court finds jurisdiction is lacking, to either permit limited discovery on the issue or to transfer the action to Rhode Island. In its discretion, the court declines to transfer the action, or to permit discovery on the issue of jurisdiction. First, the plaintiff fails to articulate with specificity what discovery it would reasonably hope to obtain which would counterbalance the strong showing made by Gutowski that jurisdiction is lacking in Kansas. Further, discovery would be inappropriate where, the court concludes, the defendant would otherwise be entitled to a stay of the action pending arbitration. In light of the applicable arbitration clause, the court declines to authorize limited discovery or to exercise its discretion to transfer the action.

The arbitration clause involved by Gutowski occurs in a Restrictive Covenant Agreement (RCA) entered into between the parties.

Edelman argues that the RCA is not binding because Gutowski did not sign it, and that it in any event does not apply to it (plaintiff Edelman Financial Engines, LLC), but to another entity, Edelman Financial Engines, L.P. Finally, it argues that the RCA does not require arbitration of disputes relating to the CIIAA. The court rejects these arguments.

The RCA attachment submitted by the defendant is not physically signed, but is accompanied by a "DocuSign" notation indicating an electronic signature. The plaintiff

presents no factual allegation to support any inference that the RCA was not actually agreed to by the parties.[2]

The preamble to the RCA plainly states that it applies to the limited partnership "and collectively any of its subsidiaries and affiliates." (Dkt. 11-1 at 4). Plaintiff supplies no reason why it would not be considered an affiliated entity of the limited partnership.

With respect to plaintiff's remaining argument, Section 11(f) of the RCA provides:

> <u>Entire Understanding</u>. This Agreement represents the entire understanding of the Partnership and Participant with respect to the subject matter of the Agreement. The Parties agree that this Agreement supersedes and terminates any and all prior agreements or understandings between the Parties, whether oral or written, concerning the subject matter of this Agreement; except that, to the extent Participant has or becomes party to any other agreements with the Partnership Group containing restrictive covenants ("Other Restrictive Covenants"), those Other Restrictive Covenants shall continue in full force and effect in addition to, and shall not be limited by, those contained in this Agreement.

Edelman argues that it can still sue Gutowski based on the CIIAA, because it is an "Other Restrictive Covenant" which "continue[s] if full force and effect," as provided for in the final clause Section 11(f).

But while the specific obligations created by the CIIAA may continue in full force, that doesn't mean those obligations can be pursued by a court action for damages. The Arbitration clause in the RCA is quite broad. Under Section 7(a):

---

[2] Plaintiff notes in is Reply that Edelman's suggestion the RCA is not binding is inconsistent with its January 22, 2020 letter to him reminding him of his duties under the RCA.

> Except as otherwise prohibited by law, *any dispute, claim or controversy between Participant and the Partnership*, including but not limited to those which arise from *or relate to Participant's association with the Partnership Group* (whether by membership or employment or otherwise) or the termination thereof … *and the application, enforcement or interpretation of this Agreement, shall be resolved in arbitration* before the arbitration facility of the American Arbitration Association ("AAA") to the exclusion of all others.

(Emphasis added).

The clause applies to any dispute between Gutowski and the Edelman entities, whether grounded in the RCA or CIIAA. This is a dispute between Gutowski (as Participant) and Edelman (a Partnership entity as defined by the RCA) which is "relates to" his association with Edelman. The court finds plaintiff's argument relating to the Section 17(f) integration clause does not nullify the broad scope of the arbitration clause. Limited discovery of the issue of personal jurisdiction is unwarranted given the applicable arbitration clause.[3]

IT IS ACCORDINGLY ORDERED this day of October, 2020, that the defendant's Motion to Dismiss (Dkt. 10) is granted as provided herein.


*J. Thomas Marten*
J. Thomas Marten, Judge

---

[3] Given these conclusions, the court need not resolve defendant's additional venue and Federal Rule 12(b)(6) arguments.